UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

    v.                                               Case No. 24-cr-19-PB-TSM-1
                                                    Opinion No. 2024 DNH 099

<u>Marc Jacques</u>

## **ORDER**

Marc Jacques was convicted of one count of distribution of child pornography and was sentenced to 60 months in prison. Prior to his sentencing, Jacques' counsel attached various exhibits in support of his sentencing memorandum. <u>See</u> Doc. 16. His counsel at the time submitted three exhibits under seal but did not attempt to seal the remaining documents. Jacques' new counsel has filed a motion asking the court to completely seal six of the previously unsealed exhibits on the grounds that they disclose sensitive personal information of third parties. <u>See</u> Doc. 41. The exhibits in question are letters submitted by third parties on the defendant's behalf as well as a letter written by the defendant himself. <u>See</u> Doc. 16-3; Doc. 16-4; Doc. 16-5; Doc. 16-6; Doc. 16-7; Doc. 16-8. The government has filed a partial objection opposing a blanket sealing order but agreeing that targeted redactions are warranted. <u>See</u> Doc. 45.

I. **<u>Legal Standard</u>**

"Courts have long recognized 'that public monitoring of the judicial system fosters the important values of quality, honesty, and respect for our legal system.'" United States v. Kravetz, 706 F.3d 47, 52 (1st Cir. 2013) (quoting In re Providence Journal, 293 F.3d 1, 9 (1st Cir. 2002)). Courts must "carefully balance the presumptive public right of access against the competing interests that are at stake in a particular case, keeping in mind that only the most compelling reasons can justify non-disclosure of judicial records that come within the scope of the common-law right of access." Id. at 59 (internal quotation marks omitted). To overcome this presumption, the party seeking to seal documents must "demonstrate significant countervailing interests[.]" Bradford & Bigelow, Inc. v. Richardson, 109 F. Supp. 3d 445, 448 (D. Mass. 2015).

The parties agree that the relevant legal standard here comes from <u>United States v. Kravetz</u>, in which the First Circuit Court of Appeals addressed whether the common law right of access applied to letters attached as exhibits to sentencing memoranda. 706 F.3d at 57. While the court noted that such letters "are often unguarded and informal, and [. . .] frequently emotion-laden," the court held that they were judicial documents to which the presumptive right of public access attached because their purpose was to "serve as an evidentiary basis for the defendant's arguments for leniency." Id.

2

(cleaned up). "[R]elevant documents which are submitted to, and accepted by, a court of competent jurisdiction in the course of adjudicatory proceedings, become documents to which the presumption of public access applies." FTC v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 409 (1st Cir. 1987). Documents which a judge "should have considered, but did not, are just as deserving of disclosure as those that actually entered into the judge's decision." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 123 (2d Cir. 2006) (internal citations omitted) (emphasis in original).

As relevant here, third-party privacy concerns may outweigh the presumption of public access where "the balance of interests justifies withholding from the public the identity of the authors, or the entire content of each of the relevant letters." Kravetz, 706 F.3d at 62. Where the public's right of access is at odds with third-party privacy rights, "it is proper for the district court, after weighing competing interests, to edit and redact a judicial document in order to allow access to appropriate portions of the document." Id. (quoting United States v. Amodeo, 44 F.3d 141, 147 (2d Cir. 1995)).

## II. Application

Jacques asks the court to completely seal six of the exhibits attached to his sentencing memorandum on the grounds that third-party privacy concerns outweigh the common law presumption of public access. I disagree.

3

The letters contain information about the defendant's family situation, medical and personal information about the defendant's children, as well as personal identifying information about the third-party letter writers. Jacques claims this information is of "no legitimate incremental value to the public." Doc. 41 at 2. Further, Jacques contends that the "intense publicity" around his case warrants heightened privacy protection, particularly given safety concerns involving two of the letter writers. Id. at 1, 2. One of the writers was "assured by former counsel that her letter would be filed under seal." Id. at 2.

The circumstances here are insufficient to overcome the presumption of public access for three principal reasons. First, these letters were offered to support Jacques' argument for a downward departure or variance. See Doc. 16 at 16-18. While his family circumstances were not ultimately the basis for the court's decision to grant a variance, the court referred to his family situation while issuing its sentence. Doc. 44 at 47-48; see Roy v. FedEx Ground Package Sys., Inc., No. 3:17-CV-30116-KAR, 2024 WL 2025763, at *2 (D. Mass. May 7, 2024) ("[W]hen documents are filed in connection with a substantive motion, a court cannot freely seal documents even if the court did not actually rely on those documents to rule on the motion.").

Second, Jacques' argument in favor of privacy loses persuasive effect in light of his earlier decision to publish the information he seeks to conceal. See Globe Newspaper Co. v. Pokaski, 868 F.2d 497, 506 n.17 (1st Cir. 1989)

4

("[P]rior publicity weighs strongly against sealing."). At his public sentencing hearing, Jacques disclosed much of the personal family information he now asks the court to seal. See Doc. 44 at 38, 39, 41. Nor can it be argued that his attorney did not know how to preemptively protect private information; indeed, prior counsel filed other documents under seal with the sentencing memorandum.[1] See Doc. 16-1; Doc. 16-2; Doc. 16-9. While Jacques claims that the personal identifying information contained in the letters violates Federal Rule of Criminal Procedure 49.1, "responsibility for redaction lies with the person making the filing." Fed. R. Crim. P. 49.1 advisory committee's note. His prior counsel neglected to redact the city and state of the home addresses of the letter writers in accordance with this rule.

Third, Jacques' argument that one of the third parties submitted a letter on the understanding that it would remain private is unavailing because the First Circuit expressly rejected such an argument in Kravetz. See 706 F.3d at 61 ("It is self-evident that counsel may not make any such binding assurances about how a court would view such documents.").

One of the letters is from Jacques' therapist. See Doc. 16-7. Jacques contends that "the presumption in favor [of] public access is routinely

---

[1] The documents filed under seal with the government's assent included mental and physical health records of his minor child and a third document relating to these records.

overcome in sentencing proceedings when it comes to letters from mental health treatment providers." Doc. 16 at 2-3. While medical information is "universally presumed to be private, not public," In re Boston Herald, Inc., 321 F.3d 174, 190 (1st Cir. 2003), the privacy interest in medical information is "neither fundamental nor absolute." United States v. Sattar, 471 F. Supp. 2d 380, 387 (S.D.N.Y. 2006). Courts have applied the presumption of public access to letters from medical providers and psychiatrists. See, e.g., id. (psychiatric report submitted by counsel to assist sentencing subject to public access). Defendant has not shown why the information contained in his therapist's letter is so private as to overcome the presumption here.

The First Circuit has expressly empowered district courts to make specific redactions in the interests of privacy, particularly when physical and mental health concerns are involved. Kravetz, 706 F.3d at 62. Here, the government assents to the redaction of the phone numbers, and home and email addresses in these six letters. Doc. 45 at 4. The government also assents to a redaction of references in Doc. 16-3 to the minor child's name and medical and mental health issues, as well as to all mentions of the child's name in the remaining letters. I find that the government's proposed redactions strike an appropriate balance between the public's right of access and the privacy interests of the third parties.

Given the foregoing considerations, I deny the defendant's motion to completely seal the six exhibits. Instead, I order specific redactions in accordance with the proposal contained in the government's memorandum opposing the defendant's motion. See Doc. 45 at 4. The exhibits subject to the defendant's motion shall be immediately sealed. The government and the defendant shall meet and confer and agree upon the specific redactions required by this order. On or before November 18, 2024, the parties shall jointly submit proposed redacted letters for inspection by the court. The redacted letters will be refiled on the public docket after they have been reviewed and approved by the court.

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

November 15, 2024

cc:   Counsel of Record